

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ROBERT STRECKER, §
 §
    Movant, §
 §
VS. § NO. 4:17-CV-986-A
 § (NO. 4:15-CR-063-A)
UNITED STATES OF AMERICA, §
 §
    Respondent. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Robert Strecker ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, its supporting memorandum, the government's response, and pertinent parts of the record in Case No. 4:15-CR-063-A, styled "United States of America v. Robert Strecker," the court has concluded that the motion should be denied.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On March 11, 2015, movant was named in a one-count indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

CR Doc.[1] 3. On May 15, 2015, movant pleaded guilty. CR Doc. 15. He signed a factual resume admitting the existence of each of the elements of the offense and the underlying facts. CR Doc. 16.

The presentence investigation report ("PSR") assigned movant a base offense level of 24, because he had two prior convictions for crimes of violence. CR Doc. 29, PSR ¶ 18. Movant was granted a three-level reduction for acceptance of responsibility. Id., ¶¶ 25-26. Movant filed a motion for downward departure, CR Doc. 33, and objections to the PSR, CR Doc. 45, along with a sentencing memorandum, CR Doc. 43. Movant objected that his conviction for attempted burglary did not qualify as a crime of violence. CR Doc. 45, ¶ 6. He further objected that neither of his burglary convictions were categorically violent felonies. Id., ¶ 7.

The court considered the objections and the government's response and arguments of counsel and overruled the objections and adopted the PSR as modified by the addendum and oral rulings from the bench. CR Doc. 57. On September 4, 2015, movant was sentenced to a term of imprisonment of 96 months. Id.; CR Doc. 41.

Movant appealed, raising the same arguments as to crime of violence, and his sentence was affirmed. United States v.

---

[1]The "CR Doc. ___" reference is to the number of the item on the docket in the underlying criminal case, No. 4:15-CR-063-A.

Strecker, 654 F. App'x 652 (5th Cir. 2016). Movant's petition for writ of certiorari was denied. Strecker v. United States, 137 S. Ct. 600 (2017).

II.

Grounds of the Motion

Movant urges four grounds in support of his motion, worded as follows:

> I. THE TEXAS STATE BURGLARY STATUE [sic], TEXAS PENAL CODE (TPC) 30.02, IS INDIVISIBLE UNDER BOTH DESCAMPS AND MATHIS, AND IT WAS THEREFORE ERROR TO CONDUCT A "GENERIC" BURGLARY EVALUATION BASED ON A SINGLE SUBSECTION. MOREOVER, THE ANALYSIS THAT IT WAS DIVISIBLE WAS NOT DONE PRIOR TO THE DETERMINATION THAT THE BURGLARY WAS GENERIC. AT LEAST ONE IF NOT TWO OF THE THREE SUBSECTIONS OF THE STATUE [sic] OUTLAW CONDUCT THAT DOES NOT MEET THE GENERIC BURGLARY STANDARD. THE THREE WAYS LISTED OF BREAKING THE LAW ARE ALTERNATIVE MEANS, AND NOT ALTERNATIVE ELEMENTS THAT DEFINE SEPARATE CRIMES. THE DETERMINATION THAT TPC 30.02 WAS DIVISIBLE AND A GENERIC BURGLARY VIOLATED MOVANT'S FIFTH AMENDMENT RIGHTS AS SET FORTH BY THE SUPREME COURT AND THE U.S. CONSTITUTION.
>
> II. THE MODIFIED CATEGORICAL APPROACH WAS ERRONEOUSLY USED TO CATEGORIZE MOVANT'S PRIOR ATTEMPTED BURGLARY AND BURGLARY CONVICTIONS AS QUALIFYING OFFENSES TO ENHANCE HIS SENTENCE. NEITHER INDICTMENT SPECIFIED WHAT SECTION OF THE STATUE [sic] MOVANT PLED GUILTY TO. THE COURT ERRED IN RELYING ON THE GOVERNMENT'S ASSERTION THAT IT WAS "LEGALLY AND LOGICALLY" IMPOSSIBLE FOR MOVANT TO HAVE VIOLATED ONE OF EITHER NONQUALIFYING SECTIONS OF THE STATUE [sic]. THE USE OF THE CATEGORICAL APPROACH TO FIND TPC 30.02 QUALIFIES AS A GENERIC BURGLARY VIOLATED MOVANT'S FIFTH AMENDMENT RIGHTS AS SET FORTH UNDER THE U.S. CONSTITUTION.

Doc.[2] 1 at 3.

>       III. ATTEMPTED OFFENSES ARE NOT INCLUDED IN THE
> LIST OF ENUMERATED OFFENSES AND THE COURT ERRED BY
> USING MOVANT'S CONVICTION FOR ATTEMPTED BURGLARY AS A
> QUALIFYING OFFENSE. THE GOVERNMENT ADMITTED, THAT IN
> FACT, TWO OF MOVANT'S QUALIFYING OFFENSES WERE BASED ON
> THE "ENUMERATED OFFENSES" CLAUSE. FURTHER, IN THE
> INDICTMENT AND JUDGMENT, FOR ATTEMPTED BURGLARY, NO
> "ENTRY" ELEMENT WAS REQUIRED OR EVEN ALLEGED--HENCE, IT
> WAS ERROR UNDER ANY APPROACH TO USE THIS OFFENSE TO
> ENHANCE MOVANT'S SENTENCE. IT SIMPLY IS NOT A FEDERAL
> GENERIC BURGLARY. THE USE OF THE ATTEMPTED BURGLARY
> OFFENSE TO ENHANCE MOVANT VIOLATED HIS FIFTH AMENDMENT
> RIGHTS AS SET FORTH IN THE U.S. CONSTITUTION.

Id. at 4.

>       IV. IN 2016, JUST EIGHT DAYS AFTER MOVANT FILED
> HIS APPELLATE BRIEF IN THIS CASE, THE U.S. SENTENCING
> GUIDELINES COMMISSION DELETED "BURGLARY OF A DWELLING"
> FROM THE "ENUMERATED OFFENSES" LIST. THIS AMENDMENT TO
> THE GUIDELINES WAS A "CLARIFICATION" AMENDMENT AND
> SHOULD HAVE BEEN CONSIDERED BY THE COURT. MOVANT RAISED
> THIS ISSUE IN HIS REPLY BRIEF BUT HIS ARGUMENT WAS
> IGNORED BY THE COURT. BY IGNORING THIS AMENDMENT THE
> COURT VIOLATED MOVANT'S SUBSTANTIAL DUE PROCESS RIGHTS,
> BECAUSE THE SENTENCE WAS UNREASONABLE UNDER THE
> CIRCUMSTANCES OF THIS CASE. THE UNREASONABLE SENTENCE
> WAS FUNDAMENTALLY UNFAIR, AND A MISCARRIAGE OF JUSTICE.
> MOVANT WAS SENTENCED FOR A PRIOR WHERE THE WAS NO
> "ENTRY" REQUIREMENT OR CONDUCT, AND FOR A PRIOR
> CONVICTION THAT DID NOT NAME WHICH PART OF THE
> DISJUNCTIVE STATUE [sic] HE WAS CONVICTED UNDER. THESE
> SUBSTANTIVE CIRCUMSTANCES SHOULD HAVE BEEN REVIEWED IN
> LIGHT OF THE GUIDELINES AMENDMENT.

Id. at 4-5.

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

III.

Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later

5

collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

IV.

Analysis

Movant makes extensive arguments regarding his underlying convictions for burglary and attempted burglary under state law. He admits that these issues were previously raised and found to be without merit. See Strecker, 654 F. App'x at 652. He cannot raise them again here. United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986); Moore, 598 F.2d at 441.

The arguments would fail in any event, as the cases upon which movant relies do not support his position. Descamps v. United States, 570 U.S. 254, 133 S. Ct. 2276 (2013), and Mathis v. United States, 136 S. Ct. 2243 (2016), concern convictions under the Armed Career Criminal Act, which played no role in movant's case.³ Rather, movant is seeking to extend their holdings to application of the sentencing guidelines, but the Supreme Court has made clear that the guidelines are not subject to a vagueness challenge under the Constitution. Beckles v. United States, 137 S. Ct. 886, 892 (2017). And, challenges to

---

³Neither Descamp nor Mathis announced a new rule that would be retroactively applicable in any event. See United States v. Morgan, 845 F.3d 664, 667-68 (5th Cir. 2017); In re Lott, 838 F.3d 522, 523 (5th Cir. 2016).

6

application of the guidelines are not cognizable under § 2255. United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999).

Finally, in his memorandum, movant twice mentions the Strickland standard for ineffective assistance of counsel. Doc. 2 at 9-10, 19-20. Even though a ground of ineffective assistance was not raised in the motion itself, the court has considered it and finds it to be without merit. As best the court can tell, movant appears to contend that his appellate counsel failed to raise an "obvious" issue on appeal. Doc. 2 at 14. However, the subject of Movant's base offense level was raised on appeal and the appellate court found it to be without merit. Streaker, 654 F. App'x at 652. In any event, counsel cannot have been ineffective for failing to raise a meritless argument.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby,

denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED February 1, 2018.

JOHN McBRYDE
United States District Judge